# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

IN RE ALLEN ROBERT SCOTT, §
   Relator, §   CIVIL ACTION NO. 4:07-CV-619-Y
            §

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A. NATURE OF THE CASE**

This is a petition for writ of mandamus by a state prisoner pursuant to Federal Rule of Appellate Procedure 21.

**B. PARTIES**

Relator Allen Robert Scott, TDCJ #830472, is a state prisoner in custody of the Texas Department of Criminal Justice in Diboll, Texas.

Respondents are Nathaniel Quarterman, Director of the Texas Department of Criminal Justice, and the Honorable Tom Crum, Judge of the 355Judicial District Court of Hood County, Texas. (Petition at 1.) No service has issued on Respondents.

**C. DISCUSSION**

By the instant petition for mandamus relief, Scott seeks an order compelling the judge of the 355th Judicial District Court of Hood County, Texas, to vacate the order adjudicating his guilt in cause number 6653, dismiss the criminal charges against him, discharge his sentence, and withdraw

the requirement that he register as a sex offender. The petition is thus subject to *sua sponte* dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).[1]

A federal court lacks "the general power" to issue a writ of mandamus directing state courts and their judicial officers in the performance of their duties and functions where, as here, mandamus is the only relief sought. *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). Thus, this court is without power to grant the requested relief. Consequently, the instant petition lacks an arguable basis in law and should be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Mitchell v. Texas*, No. 3:05-CV-299-N, 2005 WL 415474, at *1-2 (N.D. Tex. Feb. 18, 2005) (not designated for publication); *Jon v. Hamlin*, No. 3:04-CV-824-K, 2004 WL 1373157, at *1-2 (N.D. Tex. June 17, 2004) (not designated for publication); *Cross v. Texas*, No. 3:02-CV-2146-G, 2002 WL 31528481, at * 1-2 (N.D. Tex. Nov. 8, 2002) (not designated for publication).

## II.  RECOMMENDATION

It is recommended that the petition for writ of mandamus be DISMISSED as frivolous.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file

---

[1] It is noted that Scott did not pay the $350.00 fee for filing a writ of mandamus or submit a proper application to proceed informa pauperis (no certificate of inmate trust account is attached). It is further noted that Scott has filed in this court two relevant federal petitions for writ of habeas corpus under 28 U.S.C. § 2254. *See Scott v. Dretke*, Civil Action Nos. 4:05-CV-448-Y and 4:03-CV-844-Y.

specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 8, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until November 8, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 18, 2007.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE